# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAIME PADILLA,

    Plaintiff,

    v.                                                                       Case No. 1:19-cv-01093 KWR/SMV

AMERICAN HALLMARK INSURANCE
COMPANY OF TEXAS,

    Defendant.

## **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND**

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand to State Court (hereinafter, the "Motion"), filed December 18, 2019 **(Doc. 14)**. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's Motion is well taken and, therefore, is **GRANTED**.

## BACKGROUND

On July 2, 2018, Plaintiff's husband, Leroy Padilla, was involved in a motor vehicle collision. Plaintiff alleges that the damage disabled the Plaintiff's truck. Defendant Hallmark, however, estimated the damage to Plaintiff's vehicle at $7,417.01. Plaintiff hired a damage expert who issued a report that Plaintiff's vehicle sustained frame damage and should be considered a total loss.

On November 16, 2018, Defendant Hallmark offered Plaintiff $40,928.09 to resolve Plaintiff's collision claim. Plaintiff alleges that for four months Defendant Hallmark intentionally failed to offer the amount it knew or should have known to be the value of Plaintiff's claim.

On October 17, 2019, Plaintiff filed a complaint in Second Judicial District Court, Bernalillo County, State of New Mexico, asserting claims for bad faith insurance practices. She generally alleged that Defendant unreasonably failed to pay or delayed in paying the claim. She sought loss of use damages, emotional distress, punitive damages, attorney fees, and costs.

**DISCUSSION**

Defendant Hallmark removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446. Diversity jurisdiction requires diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The sole issue is whether the amount in controversy exceeds $75,000.

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The removing party has the burden to show that removal was properly accomplished." *McShares*, *Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D.Kan. 1997).

**I.      Amount in Controversy.**

Where the complaint does not assert an amount due, the party asserting federal jurisdiction must prove by a preponderance of the evidence jurisdictional facts showing that the amount in controversy *may* exceed $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953-55 (10th Cir. 2008) ("defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play") (citation omitted) (emphasis in original). This burden arises only when a plaintiff argues the amount in controversy is insufficient to support diversity

jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owen*, 135 S.Ct. 547, 554 (2014). In other words, evidentiary submissions are not required at the time of removal. *Id.* at 551, 554.

The amount in controversy "is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail*, 529 F.3d at 955. Once the defendant puts forth jurisdictional facts that make it possible the amount in controversy exceeds $75,000, the case stays in federal court "unless it is legally certain that less than $75,000 is at stake." *McPhail,* 529 F.3d at 954 (internal quotation marks omitted), *quoted in Chen v. Dillard Store Servs., Inc.*, 579 F. App'x 618, 620–21 (10th Cir. 2014).

Defendant may prove these jurisdictional facts by pointing to:

> contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

*McPhail*, 529 F.3d 947, 954 (10th Cir. 2008), quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006). Defendant may also look to the "substance and nature of the injuries and damages described in the pleadings." *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1306 (D.N.M. 2001) (Kelly, J.). Here, Plaintiff argues that the amount in controversy is less than $75,000. Defendant therefore bears the burden of proving by a preponderance of the evidence jurisdictional facts that the amount at issue may involve more than $75,000.

The Court notes that the exact amount in controversy is ambiguous in the complaint. Plaintiff does not seek compensatory damages, which were paid by Defendant Hallmark prior to Plaintiff filing suit. Rather, it appears that Plaintiff primarily seeks punitive damages.

## II. **Plaintiff's Stipulation.**

Here, Plaintiff has consistently represented before and after removal that the amount in controversy is less than $75,000. The complaint provides that "Plaintiff prays for judgment against

defendant for damages as determined at trial, not to exceed $75,000." **Doc. 14, p. 12.** Moreover, Plaintiff offered to settle this case for $60k before removal. **Doc. 14, ex. 2.** Finally, Plaintiff's counsel stipulated that Plaintiff will not seek more than $75,000, exclusive of interest and costs. *See* **Doc. 14, ex. 3; Doc. 14, p. 4** ("Plaintiff's attorney has signed and attached an affidavit... stating that Plaintiff will not assert any claim nor seek to recover any amount herein in excess of $75,000.").

A post-removal stipulation cannot strip the Court of diversity jurisdiction. *Rael v. GEICO Gen. Ins. Co.*, 2017 WL 3051953, at *4 (D.N.M. 2017) (Yarbrough, J.) (where evidence otherwise indicated that damages were above $75,000, Plaintiff's post-removal stipulation that she would not seek more than $75,000 came too late). Generally, diversity jurisdiction is established *at the time of removal*. *Id.*, *citing Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) ("the propriety of removal is judged on the complaint as it stands at the time of the removal."); *Garcia v. Timberlake*, No. CV 11-1017 JP/RHS, 2012 WL 13081216, at *3 (D.N.M. Jan. 5, 2012) (same).

However, such stipulation can be considered as evidence of an otherwise ambiguous damages amount at the time of removal. *Youell v. Magellan Health Services of New Mexico et al.*, 2018 WL 344959, at *3 (D.N.M. 2018); *Swiech v. Fred Loya Ins. Co.*, 264 F. Supp. 3d 1113, 1135–36 (D.N.M. 2017) (considering post-removal stipulation that amount in controversy was less than $75,000, but rejecting it given "ample" evidence that amount was higher); *Meyer v. Union Pacific Railroad Co.*, 2016 WL 4440452, at *1 (D. Kan. Aug. 23, 2016) (remanding case in light of post-removal stipulation that plaintiff was seeking less than $75,000 in damages); *Garcia v. Timberlake*, 2012 WL 13081216, at *3 (D.N.M. Jan. 5, 2012) (post-removal affidavit clarifying that amount in controversy did not exceed $75,000 established that jurisdiction was lacking at time

of removal) (collecting cases); *see* also *Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 481 (6th Cir. 2014) (in determining amount in controversy for purposes of diversity jurisdiction, court may consider post-removal unequivocal stipulation clarifying rather than reducing the amount in controversy).

Here, the Court finds the post-removal stipulation to be credible evidence of the ambiguous amount in controversy, given that (1) Plaintiff also represented in the complaint that she would not seek more than $75,000, and (2) she offered to settle the case prior to removal for $60,000. *See California Casualty Insurance Co. v. Joy*, 99-cv-01432-MV-RLP, (Doc. 37) (D.N.M. Apr. 20, 2000) (remanding case in which stipulation clarified amount in controversy and was consistent with non-removing party's pre-removal position).

## CONCLUSION

The Court concludes that the amount in controversy does not exceed $75,000, and this Court lacks diversity jurisdiction. Therefore, the Court grants Plaintiff's Motion to Remand.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand **(Doc. 14)** is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Second Judicial District Court, Bernalillo County, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

_____
KEA W. RIGGS
United States District Judge